IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| RICHARD L COX, Trustee for AFFILIATED FOODS SOUTHWEST, INC., | * * * | |
| Plaintiff, | * * | |
| vs. | * * * | Case No: 4:11MC00016 |
| DAVID HENDRIX, ET AL., | * * | |
| Defendants. | * * | |

**Memorandum Opinion and Order**

Affiliated Foods Southwest, Inc. ("Affiliated Foods"), a large wholesale grocery supplier, filed for bankruptcy. Plaintiff Richard L. Cox is the Chapter 7 bankruptcy trustee for the bankruptcy estate. He filed an adversary proceeding in the Bankruptcy Court against defendants who are former officers and directors of Affiliated Foods for breach of fiduciary duty and negligence. Thirteen of the sixteen named defendants filed demands for trial by jury and motions to withdraw the reference. Separate defendant Hendrix included in his brief a motion to abstain.[1] Plaintiff responded to the motions, and separate defendant John Miller filed a reply.[2]

---

[1] Separate defendants John Miller, Al Miller, Ron Rivers, Bob Hudson, Larry Cranford, Billy Dickerson, Kevin Doucet, Tandy Key, Dwight Sawyer, Hiram Shute, Britt Wright, Vince Cannata, and David Hendrix moved to withdraw the reference and demanded a jury trial.

[2] Defendants Al Miller, Ron Rivers, and Bob Hudson adopted John Miller's reply. *See* Case No. 4:11MC00016, docket entries 11 & 13.

For the reasons stated below, the Court grants the motions to withdraw reference.  The Court denies the motion to abstain without prejudice.

The Supreme Court has held that a person who has not filed a claim against the bankruptcy estate has a right to a jury trial when sued by the trustee in bankruptcy to recover allegedly fraudulent monetary transfers.  *Granfinanciera, S.A. v. Nordberg*, 429 U.S. 33(1989). The Bankruptcy Code provides: "If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specifically designated to exercise such jurisdiction and with the express consent of all the parties. " 28 U.S.C. §157(e).  *See also* Fed.R.Bankr.P. 9015(b) and Local Bankruptcy Rule 9015-1.

Plaintiff states that at least four of the defendants have filed proofs of claim against the estate.  The Court finds that separate defendants who have not made claims against the bankruptcy estate have a right to a jury trial.  Separate defendants who filed proofs of claim may have waived their right to a jury trial.  None of the separate defendants consent to having the bankruptcy judge preside over the jury trial.  The Court finds that conducting two separate trials on essentially the same issues and using the same evidence would be a waste of judicial resources and those of the parties.  Therefore, the Court finds that a jury should hear and determine the issues for all the defendants.  The Court further finds that the reference should be withdrawn immediately.

IT IS THEREFORE ORDERED that the motions to withdraw the reference are granted. The reference is hereby withdrawn with respect to *Richard L Cox, Trustee for Affiliated Foods Southwest, Inc. v. David Hendrix, et al.*, United States Bankruptcy Court for the Eastern District

of Arkansas, Adversary Proceeding No. 4:11-ap-01090. The Clerk of the bankruptcy court and the Clerk of this Court are directed to take appropriate action to transfer the adversary proceeding to this Court where the proceeding will be docketed as a civil action.

The motion to abstain[3] is denied without prejudice to a re-filing of a motion to abstain now that the Court has withdraw the reference.[4]

DATED this 7th day of July, 2011.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

[3] Case. No. 4:11mc00023, docket entry 1, Attachment 1.

[4] Defendant John Miller states he intends to file a motion to abstain. *See* docket entry 10 at 6.